

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-22381-CIV-MORENO

GLOBAL FX INC.,

    Plaintiff,

vs.

PLATTE RIVER INSURANCE COMPANY and
BANCO DE DESARROLLO RURAL, S.A., a/k/a
BANRURAL,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff Global FX, Inc.'s Motion to Remand **(D.E. No. 7)**, filed on **September 10, 2008**.

THE COURT has considered the motion and the pertinent portions of the record, and was otherwise fully advised in open court.

A defendant may remove to federal court a civil case filed in state court if the plaintiff originally could have brought the case in federal court. 28 U.S.C. § 1441(a). However, any defect in the removal procedure is grounds for remand. 28 U.S.C. § 1447(c); *see Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040, 1044 (11th Cir. 2001). Removal statutes are strictly construed and any doubts or ambiguities must be resolved in favor of remand. *See Whitt v. Sherman Int'l Corp.,* 147 F.3d 1325, 1329 (11th Cir. 1998). A defendant must file its notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b). The "unanimity requirement" mandates that in cases involving multiple defendants, all defendants must join the removal petition or otherwise manifest

consent within the thirty-day time period set forth in § 1446(b) for removal to be proper within the meaning of § 1447(c).  *See Russell Corp.,* 264 F.3d at 1044.

The thirty-day clock for removal and consent began to run on July 22, 2008, when Plaintiff Global FX, Inc., Defendant Banco de Desarrollo Rural, S.A. a/k/a/ Banrural ("Defendant Banrural"), and Defendant Platte River Insurance Company ("Defendant Platte") appeared for a hearing on Plaintiff's Emergency Motion for Preliminary Injunction in Circuit Court, or at the latest, on July 31, 2008, when Defendant Platte filed its Answer, Counterclaims and Crossclaims. On August 27, 2008, Defendant Banrural filed its Notice of Removal, removing this case to this Court.  Defendant Platte, however, did not take any action manifesting its consent to removal before stating in open court on September 19, 2008, that it had no objections to removal.  Thus, Defendant Platte did not manifest its consent to removal to the Court before the thirty-day period to do so expired.  Accordingly, it is

**ADJUDGED** that the Motion to Remand is **GRANTED**.  This case is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida.  The Clerk of Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.  The Clerk of Court shall mark this case as CLOSED and DENY all pending motions as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of September, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record
Clerk of the Court for the 11th Judicial Circuit in and for Dade County, Florida